### 9533

BYRD v. ATLANTIC COAST LINE R. CO.

(90 S. E. 181.)

1. CARRIERS—CARRIAGE OF GOODS—DISCRIMINATION.—Under the statute prohibiting carriers from making discriminations, where a railroad issued two bills of lading for plaintiff's machinery and furniture, respectively, the goods were not shipped as one carload lot, and the road and plaintiff could not validly agree that the shipment should be considered and treated as a carload lot of either or both.

2. CARRIERS—CARRIAGE OF GOODS—REGULATION OF RATES.—Under the rule of the railroad commission that the charge for less than a carload shipment must not exceed the minimum charge for a minimum carload of the same freight at the same rating, a shipper of less than a carload of machinery was entitled to the minimum carload rate thereon.

1—S.C.—106

3. CARRIERS—CARRIAGE OF GOODS—PENALTY FOR FAILURE TO PAY CLAIM
FOR DAMAGE—FULL RECOVERY.—In a shipper's action against a rail-
road for damage to the goods, where plaintiff proved damage to the
amount claimed, the reduction of the amount by the road's valid
counterclaim for charges did not defeat plaintiff's right to recover
the penalty for the road's failure to pay his claim for damage.

Before SHIPP, J., Florence, Summer, 1915. Affirmed
conditionally.

Action by H. W. Byrd against the Atlantic Coast Line
Railroad Company. From a judgment for plaintiff, defend-
ant appeals.

On or about February 9, 1915, the plaintiff in this action
applied to the freight agent of defendant at Coosawhatchie,
South Carolina, for permission to ship over its line to Flor-
ence, South Carolina, certain machinery, weighing, subject
to correction, 10,900 pounds. None of the machinery in the
car was crated. Nothing appears to have been said about
freight rates. Subsequently, the plaintiff asked the freight
agent at Coosawhatchie if he could load a lot of household
goods in the same car with the machinery, and the freight
agent, after conferring with the superintendent of the rail-
road company, told plaintiff that he could do so. No author-
ity, however, was obtained by the freight agent to treat the
two shipments as one carload of any one class of freight.
Thereupon the freight agent issued and delivered to plaintiff
two bills of lading, one covering one lot of machinery,
weight, subject to correction, 13,800 pounds, and the other
covering one lot of household goods, weight, subject to cor-
rection, 2,900 pounds, both loaded in A. C. L. car 25688.
To this stage of the transaction nothing, so far as the testi-
mony shows, had been said by either party as to rates. The
car in question reached Florence about February 12, 1915,
and a freight bill was made up at the office of the freight
agent at Florence, S. C., in which the amount due by plain-

tiff was assessed at $62.40, upon the basis of one lot of machinery, weight 13,800 pounds, as 24,000 pounds belonging to Class 6, and taking a rate of 26c per hundred pounds. Plaintiff paid the freight assessed on this basis and unloaded the car. No one connected with the railroad company at Florence, where the freight was assessed and paid, knew, so far as the record shows, anything whatever as to the contents of the car.

On February 15th, three days after the freight charges had been assessed and paid, plaintiff filed with the freight agent at Florence, S. C., a claim for damages to various articles of household goods alleged to have been contained in the car with the machinery, upon which he had paid freight. The freight agent at Florence first heard about household goods being shipped in this car when Mr. Byrd made this claim. In the bill of lading, issued for the household goods, there was no release signed by the shipper, and, therefore, the freight rate on the household goods then in effect, according to South Carolina Intrastate Local Tariff No. 480, from Coosawhatchie, S. C., to Florence, S. C., was 96c per hundred pounds. The rate on machinery not crated in less than car lots between the same points and upon the same authority, was 64c per hundred pounds. If, therefore, the machinery was shipped upon the basis of a less than carload shipment, and at the rate which was applicable to machinery so shipped at that time, to wit, 64c per hundred pounds, plaintiff should have paid freight on the machinery upon its arrival at Florence amounting to $69.76. If the household goods were shipped on a basis of less than carload shipment, and not released or valued, Mr. Byrd should have paid as freight on the household goods on arrival at Florence 96c per hundred pounds on 2,900 pounds, or $27.84. He was, therefore, upon this basis, indebted to the railroad company in the sum of $97.60, when he paid freight charges in the sum of $62.40. The party with whom he was dealing

in making the payment of $62.40, did not know of the fact that two shipments were contained in the same car. The party who accepted the shipments for the railroad company had no authority to consolidate the two classes of freight into one carload shipment. If he had intended to undertake such an arrangement, he would have issued only one bill of lading.

After claim was filed for damages to household goods, additional freight was claimed by the agent at Florence, and when suit was brought to recover the damages claimed, defendant claimed, by way of counterclaim, the unpaid freight which was due by the plaintiff on the household goods, as well as a portion of the freight on the machinery, which was due in addition to the amount paid by reason of the fact that it was shipped as less than a carload and not as a solid car, as it was treated by the agent at Florence as being.

The Circuit Judge who heard this case upon the testimony taken before the magistrate, found as a fact that the defendant accepted the shipment as a carload lot, classing it as machinery. He further found that the company intended to allow the shipment in this matter on account of the small amount of furniture in comparison with the amount of machinery, and that it was estopped from setting up a counterclaim as for shipment in less than carload lots. To these findings of the Circuit Judge the defendant takes exception.

*Messrs. McNeill & Oliver* and *F. L. Willcox,* for appellant, cite: Civil Code 1912, secs. 3167, 3165, 3174, 3175, 3205; 100 S. C. 284.

*Messrs. Whiting & Baker,* for respondent, submit: *Findings of fact are not reviewable:* 67 S. C. 40, and distinguish 100 S. C. 284.

October 9, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

As I see it, the undisputed evidence shows that plaintiff's machinery and furniture were not shipped as one carload lot. That follows as matter of law from the issuance and acceptance of two bills of lading—one for the machinery, and another for the furniture. That plaintiff wanted both machinery and furniture shipped in the same car, and that defendant's agent agreed to so ship it is no doubt true; but that is a different matter, and could not have the effect of making the whole a carload lot of either machinery or furniture, or of both, and the parties had no right to agree, and could not make a valid agreement that it should be considered and treated as a carload lot of either or both, because the allowance by the Court of such agreements would completely annul the statute prohibiting carriers, under heavy penalty, from making discriminations. Every commodity must be shipped according to its true classification as made by the carrier or the railroad commission and at the rate fixed by the commission, or by the carrier and approved by the commission. The statute requires carriers to keep posted the classifications and rates. If shipper and carrier are allowed by agreement to vary classifications and call a commodity what it is not, the door is thrown wide open to all sorts of discriminations which are prohibited by the statutes. Therefore a carrier cannot be allowed to put junk in a car and some machinery and call it all junk; if so, the shipper who could get his machinery shipped at junk rates could always undersell one who had to pay the established rate on machinery. Nor can furniture be shipped as machinery.

According to the rule established by the railroad commission, that "the charge for a less than carload shipment must

not exceed the minimum charge for a minimum carload of the same freight at the same rating," plaintiff was entitled to the minimum carload rate on the machinery, which was $62.40; but he owes the railroad company the charge for hauling his furniture at less than carload rates, to wit, $27.80, and the company's counterclaim for that amount should have been sustained.

I do not agree that the allowance that defendant's counterclaim would have defeated plaintiff's right to recover the penalty for failure of defendant to pay his claim of $42 for damage to his furniture, because he did recover, and, according to the testimony, he was entitled to recover the full amount of the claim that he had filed, and that is all that the statute requires to entitle him to recover the penalty. If he had failed to recover damage to the extent of $42, he would not have been entitled to recover the penalty; but, having proved damage to that amount, the reduction of the amount by a valid counterclaim is not in contemplation of law a failure to recover the full amount of his claim.

The judgment below should be reversed, unless plaintiff will remit $27.80 thereof, and, upon his doing so, it should be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE, concur in the opinion of the Court.

MR. JUSTICE FRASER, *dissenting.* I cannot concur in so much of the opinion of the majority as holds that the plaintiff recovered for the full amount of his claim. The intention of the statute is to provide a penalty for failure to pay a righteous claim. Where there is a valid counterclaim established, the recovery is for the difference. If the amount of unpaid freight here had equaled the damage, then the defendant would be required to pay a penalty for failure to pay the plaintiff's demand, although he did not owe him, and the

plaintiff could not get judgment for a dollar. The defend-
ant's counterclaim was fixed by law. The plaintiff's claim
depended on a matter of fact.

- If the statute had used the word "establish," then it might
be that the penalty would follow, but the word used is
"recover," and, I think, refers to the judgment. Hence I
must dissent as to the penalty. I concur as to the amount
of freight charges.